## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE PROQUEST COMPANY SECURITIES LITIGATION | Master File No. 2:06-cv-10619 |
| | Hon. Avern Cohn |
| This Document Relates To:<br><br>ALL ACTIONS | |

### ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, by its Final Order and Judgment dated March 30, 2009, this Court approved the terms of the Stipulation and Agreement of Settlement dated November 6, 2008 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $20,000,000 cash settlement proceeds have been deposited by the Defendants into an escrow account maintained by RBS Citizens, N.A. on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to the claims administrator for the Settlement, The Garden City Group, Inc. ("GCG"), in order to participate in the distribution of the Settlement Fund was April 4, 2009; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were

ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Co-Lead Counsel now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (1) the Affidavit of Jason Zuena (the "Zuena Affidavit") of GCG; (2) the Joint Declaration of Michael K. Yarnoff and Joel B. Strauss of Barroway Topaz Kessler Meltzer & Check, LLP and Kaplan Fox & Kilsheimer LLP, respectively, Co-Lead Counsel for Lead Plaintiffs and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of GCG accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Zuena Affidavit, calculated under the proposed Plan of Allocation set forth in the Notice, including claims submitted after the April 4, 2009 submission deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of GCG rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Zuena

Affidavit be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that GCG be paid the sum of $130,261.33 from the Settlement Fund in payment for its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notice to the Class, processing the Proofs of Claim, preparing the tax returns for the Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Zuena Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER DISTRIBUTION DATE."  Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that, six (6) months after the initial distribution, any funds remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, after the Claims Administrator

has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice, (b) second, to pay any additional settlement administration fees and expenses, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is determined to be economically feasible by Co-Lead Counsel; and it is further

ORDERED, that, six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remaining in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, shall be donated as follows: (i) one-half to the Access to Justice Campaign of the Michigan State Bar Foundation, and (ii) one-half to the Community Foundation for Southeast Michigan; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise

involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after October 6, 2009 may be accepted only for excusable neglect on the part of the claimant, as determined by Co-Lead Counsel.


Dated: October 13, 2009                         s/Avern Cohn
                                                HONORABLE AVERN COHN
                                                UNITED STATES DISTRICT JUDGE